**EXHIBIT F**

CASE NUMBER
2520074432
SN:6.0 PC:16

FILED
2/11/2025
Timothy W Fitzgerald
Spokane County Clerk

SUPERIOR COURT OF WASHINGTON FOR SPOKANE COUNTY

ANDREI JOHNSON, a single person,

    Plaintiff,

vs.

CITY OF SPOKANE POLICE DEPARTMENT, Chief Craig Meidl, Nate Spiering, and Todd Belitz, each in their personal and representative capacities,

    Defendants.

Case No: 25-2-00744-32

**COMPLAINT FOR DAMAGES**

## I. INTRODUCTION

The deployment of a K9 attack on a defenseless man lying prone on the ground is a gross betrayal of the very principles that define law enforcement's role in our society. This was not about safety—it was about punishment. Instead of diffusing danger, it escalated chaos, inflicting needless pain and irreversible harm.

On June 13, 2022, Mr. Johnson, distressed and vulnerable, was experiencing an emotional breakdown. Holding a shard of glass to his own neck after breaking a window, he signaled a clear danger to himself. Officers on the scene had a duty to protect life, to de-escalate the situation, and to approach with the professionalism and care demanded of their oath and

COMPLAINT - 1

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

training. For several minutes, they attempted to do so. But when Mr. Johnson ceased talking, their actions took a fateful turn.

Rather than continuing to de-escalate, officers escalated the situation by deploying tasers and 40mm blue nose rounds. The fourth taser deployment incapacitated Mr. Johnson, causing him to drop the shard and collapse to the ground. As his body stiffened, officers rushed in to take him into custody.

Defendant Belitz had other intentions though. As Mr. Johnson lay prone and defenseless with officers surrounding him, he chose to unleash K9 Zeus without issuing the required warning and in direct violation of his Spokane Police Department training. Defendant Belitz's actions defied common sense and basic human decency.

The K9 reached Mr. Johnson before the officers did. In the span of just five seconds, Zeus tore into Mr. Johnson's side and ripped through his eye, inflicting catastrophic injuries to his face and head. Officers stood back and watched as Mr. Johnson screamed in agony. Their bodycams and after-action reports confirm that Mr. Johnson was unarmed on the ground at the time. Mr. Johnson posed no threat to anyone when the K9 attack was unleashed.

Defendant Belitz has a documented pattern of deploying K9 Zeus more frequently than any other K9 handler in the City of Spokane, revealing a troubling disregard for restraint and accountability. His choice to unleash Zeus abandoned the principles of de-escalation, escalated the danger for everyone involved, and inflicted life-altering harm on Mr. Johnson.

This case is not about excusing Mr. Johnson's emotional state or justifiable arrest—it is about holding law enforcement accountable for their duty to protect, not punish, the people they

COMPLAINT - 2

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

encounter. Mr. Johnson seeks justice for the unnecessary and catastrophic harm inflicted upon him, and accountability to ensure law enforcement agencies adhere to the standards of care, professionalism, and respect for the Constitution that the law demands of them.

## II. PARTIES

2.1   Plaintiff ANDREI JOHNSON is a resident of Spokane County, Washington

2.2   The CITY OF SPOKANE POLICE DEPARTMENT is a law enforcement agency acting under the authority of law in the City of Spokane to provide law enforcement services.

2.3   At all times relevant hereto, Chief CRAIG MEIDL was acting within the scope of his employment.

2.4   At all times relevant hereto, Sergeant NATE SPIERING was an agent of the SPOKANE POLICE DEPARTMENT acting within the scope of his employment.

2.5   At all times relevant hereto, K9 Officer TODD BELITZ was an agent of the SPOKANE POLICE DEPARTMENT acting within the scope of his employment.

2.6   At all times relevant hereto, JOHN AND JANE DOE were agents of the SPOKANE POLICE DEPARTMENT with knowledge and responsibility, acting within the scope of their employment.

## III. JURISDICTION

3.1   This Court holds general and specific personal jurisdiction because the Defendants are located in the State of Washington, and the events occurred in Washington.

3.2   Jurisdiction and venue are proper because the events described below occurred in Spokane County and because Defendant resides in Spokane County

COMPLAINT - 3

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

3.3    Plaintiff filed a tort notice on March 1, 2024, and more than 60 days have passed.

## IV. FACTS

4.1    On the evening of June 13, 2022, a desperate 9-1-1 was placed by Heike Klieber. Her daughter's boyfriend, Andrei Johnson, was in crisis.

4.2    A broken window, a shard of glass in his hand, and visible distress painted the picture of a man overwhelmed by emotion. "They just broke up a couple weeks ago," Klieber told dispatch. "He's going to cut his wrist."

4.3    Spokane Police Officers arrived on the scene, finding Mr. Johnson walking alone in a nearby alley. He was on the phone with his mother while holding a shard of glass to his neck in clear anguish.

4.4    "We don't want to hurt you," the officers pleaded. Their words, captured on body cameras, showed an initial effort to de-escalate.

4.5    Mr. Johnson was despondent, pressing the shard of glass up to his neck.

4.6    When Mr. Johnson ceased talking, officers escalated to less-lethal measures.

4.7    A barrage of tasers and blue nose rounds followed. The first taser hit the left leg. Blue nose rounds missed or glanced off the left thigh. A second taser missed. Blue nose rounds struck the right leg and abdomen. A third taser was fired and struck the right flank as a third blue nose round was fired.

4.8    On the fourth taser deployment, Mr. Johnson stiffened, dropped the shard of glass, and fell to the ground, prone and defenseless. Officers began to move in to take him into custody.

COMPLAINT - 4

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

4.9    Defendant Todd Belitz, a K9 handler with a troubling history of excessive deployments, chose to unleash his dog, Zeus. No warning was given, no announcement made.

4.10   Within seconds, Zeus reached Mr. Johnson, who lay unarmed on the ground.

4.11   The K9's attack was swift and brutal.

4.12   Zeus tore into Mr. Johnson's side before ripping through his face, leaving a deep gouge in his eye and severe lacerations to his face and head.

4.13   Mr. Johnson screamed in agony while officers stood back.

4.14   Bodycams and after-action reports confirmed Mr. Johnson was unarmed on the ground at the time of the K9 attack.

4.15   The consequences of that night were permanent. Mr. Johnson endured an 8-centimeter laceration to his eyelid, deep wounds across his face, lips and torso, and permanent disfigurement. His right eye would never fully recover.

4.16   This was not an isolated act of poor judgment. Defendant Belitz, the officer responsible for releasing Zeus, had deployed his K9 more frequently than any other handler in Spokane—a troubling pattern of escalating force. His decision to send in Zeus that night was unnecessary, unjustified, and in direct violation of Spokane Police Department policies and training designed to responsibly protect citizens, not punish them.

### V. JURY DEMAND

5.1    Plaintiff respectfully requests a jury on all triable causes of action.

### VI. CAUSES OF ACTION

### A. Excessive Force under 42 USC § 1983 (Fourth and Fourteenth Amendments)

6.1 Defendants acted under color of state law as officers and agents of the City of Spokane Police Department.

6.2 Plaintiff had a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force by law enforcement officers.

6.3 Defendants, including but not limited to Officer Todd Belitz, violated Plaintiff's constitutional rights by using excessive and unreasonable force against him, including but not limited to:

    a) Deploying a police K9 in violation of protocol;

    b) Unleashing the K9 on Plaintiff while he was prone, incapacitated and unarmed.

6.4 The use of force was objectively unreasonable and violated established legal standards under the Fourth Amendment.

6.5 The conduct of Defendants shocks the conscience, violating Plaintiff's substantive due process rights under the Fourteenth Amendment.

6.6 As a direct and proximate result of Defendants' excessive force, Plaintiff suffered severe physical injuries, including permanent disfigurement, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.7 Defendants' actions were willful, malicious, and in reckless disregard of Plaintiff's constitutional rights.

6.8 Plaintiff is owed compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

### B. Municipal Liability under 42 USC § 1983 (Monell)

6.9    Defendants acted under color of state law through its officers, agents, and employees, as members of the City of Spokane Police Department.

6.10   Defendant, the City of Spokane Police Department, through its policymakers, created, maintained, or allowed policies, practices, or customs that caused the violation of Plaintiff's constitutional rights, including but not limited to:

a) Failing to adequately train officers on proper de-escalation tactics and the appropriate use of force, including K9 deployments;

b) Encouraging or tolerating the excessive use of force by its officers;

c) Failing to discipline officers who engaged in excessive force, thereby condoning such conduct;

d) Allowing officers to use K9 units in violation of department policies and constitutional standards;

e) Failing to implement adequate safeguards or oversight to prevent constitutional violations by officers, particularly those with a documented history of excessive force, such as Defendant Todd Belitz.

6.11   The City of Spokane Police Department's supervisory officers had a duty to:

a) Adequately train officers on the use of force, K9 deployments, de-escalation techniques, and interactions with individuals in crisis;

b) Supervise officers to ensure compliance with constitutional and departmental standards;

c) Monitor officers for patterns of excessive force or other misconduct;

d) Report instances of force or policy violations to ensure accountability and prevent recurrence;

e) Enforce departmental policies designed to protect constitutional rights and ensure public safety.

6.12 The City of Spokane Police Department's supervisory officers breached these duties by:

a) Failing to train officers, including Defendant Todd Belitz, on the proper use of K9 units and the importance of issuing required warnings prior to deployment;

b) Failing to supervise Defendant Belitz despite a documented history of frequent and excessive K9 deployments;

c) Failing to monitor patterns of misconduct or policy violations within the department;

COMPLAINT - 8

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

d) Failing to report or address prior incidents of excessive force involving Defendant Belitz or other officers;

e) Failing to enforce de-escalation policies and constitutional safeguards during encounters with individuals in crisis.

6.13 The City of Spokane Police Department's supervisory officers acted with deliberate indifference to the rights of individuals, including Plaintiff, by neglecting their duties to train, supervise, monitor, report, or enforce appropriate conduct by law enforcement personnel.

6.14 This deliberate indifference created a foreseeable and substantial risk of harm, which directly and proximately caused the constitutional violations and severe injuries suffered by Plaintiff.

6.15 As a direct and proximate result of the City of Spokane Police Department and its supervisory officers' failures, Plaintiff suffered severe physical injuries, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.16 Plaintiff is owed compensatory damages, punitive damages against individual officers, and attorneys' fees pursuant to 42 U.S.C. § 1988.

**C. Supervisory Liability under 42 USC § 1983**

6.17 Supervisory officers within the City of Spokane Police Department were acting under color of state law and within the scope of their employment.

COMPLAINT - 9

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

6.18  Supervisory officers, including but not limited to those responsible for overseeing Defendant Todd Belitz, had a duty to properly train, supervise, report and discipline officers under their command to ensure compliance with constitutional standards, including the proper use of force and K9 deployments.

6.19  Supervisory officers knew or reasonably should have known that Defendant Belitz had a documented history of excessive K9 deployments and that such conduct posed a significant risk of constitutional violations.

6.20  Despite this knowledge, supervisory officers failed to:

a)  Adequately supervise Defendant Belitz to ensure compliance with department policies and constitutional standards;

b)  Report or discipline Defendant Belitz for prior incidents involving excessive K9 deployments;

c)  Implement corrective measures or training to address Defendant Belitz's conduct.

6.21  The failure of supervisory officers to take reasonable steps to prevent Defendant Belitz's misconduct constitutes deliberate indifference to the constitutional rights of individuals, including Plaintiff.

6.22  The deliberate indifference of supervisory officers was a direct and proximate cause of the excessive force and resulting injuries suffered by Plaintiff.

6.23 As a direct and proximate result of the actions and omissions of supervisory officers, Plaintiff suffered severe physical injuries, permanent disfigurement, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.24 Plaintiff is owed compensatory damages, punitive damages against individual officers, and attorneys' fees pursuant to 42 U.S.C. § 1988.

### D. Americans with Disabilities Act (ADA) Violation

6.25 At the times relevant, Plaintiff was an individual with a disability under the Americans with Disabilities Act (ADA), as he was experiencing an emotional and psychological crisis that substantially limited one or more major life activities.

6.26 Defendant City of Spokane Police Department is a public entity as defined under the ADA and is therefore required to provide services, programs, and activities in compliance with the ADA's mandates.

6.27 The officers involved in the incident, acting as agents of the City of Spokane Police Department, failed to reasonably accommodate Plaintiff's disability during their interactions with him.

6.28 Rather than employing appropriate de-escalation techniques and accommodations, the officers escalated the situation through the deployment of a K9 against Plaintiff while he was incapacitated and defenseless.

6.29 The actions of the officers reflect a failure by the City of Spokane Police Department to adequately train its personnel to recognize and appropriately respond to individuals with disabilities, particularly those experiencing mental health crises.

6.30 The failure to provide reasonable accommodations and the discriminatory treatment of Plaintiff deprived him of the benefits of services, programs, and activities provided by the City of Spokane Police Department, in violation of the ADA.

6.31 As a direct and proximate result of Defendants' violations of the ADA, Plaintiff suffered severe physical injuries, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.32 Plaintiff is owed compensatory damages, attorneys' fees, and any other relief deemed just and proper under the ADA.

**E. Assault and Battery**

6.33 Defendants acted intentionally and with the purpose of causing harmful or offensive contact with Plaintiff, or with reckless disregard that their actions would result in such contact.

6.34 Defendant Todd Belitz, by deploying K9 Zeus without justification, caused the K9 to attack Plaintiff, resulting in severe physical injuries, including permanent disfigurement.

6.35 The deployment of K9 Zeus constituted both an intentional and harmful contact with Plaintiff, satisfying the elements of assault and battery under Washington State law.

6.36 As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical injuries, emotional trauma, pain, suffering, and loss of enjoyment of life.

COMPLAINT - 12

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

6.37   Plaintiff is owed compensatory damages and any other relief deemed just and proper under Washington State law.

### F. Negligence and Gross Negligence

6.38   Defendants owed a duty of professionalism and care to act reasonably and to avoid actions that would foreseeably cause harm.

6.39   Defendants breached this duty of care by acting negligently and recklessly, including but not limited to the following actions:

a)   Failing to properly assess the situation before deploying the use of K9 Zeus when Plaintiff was incapacitated, prone, and unarmed;

c)   Failing to provide warnings before deploying K9 Zeus;

d)   Escalating a situation that could have been resolved with less forceful measures.

6.40   Defendant City of Spokane Police Department, as the employer of the officers involved, also acted negligently in the following ways:

a)   Failing to adequately train officers on the use of force, K9 deployments, and de-escalation techniques;

b)   Failing to report and supervise officers to ensure compliance with policies and procedures;

COMPLAINT - 13

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

  c) Retaining officers with documented histories of excessive force or misconduct, including Defendant Todd Belitz;

  d) Failing to implement proper oversight and safeguards to prevent harm to individuals, particularly those experiencing mental health crises.

6.41 The conduct of Defendants rose to the level of gross negligence by demonstrating a reckless disregard for the safety and constitutional rights of Plaintiff.

6.42 As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff suffered severe physical injuries, permanent disfigurement, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.43 Plaintiff is owed compensatory damages and any other relief deemed just and proper under Washington State law.

### G. Intentional Infliction of Emotion Distress (IIED)

6.44 Defendants acted with extreme and outrageous conduct that exceeded reasonable bounds of decency in a civilized society.

6.45 Defendants' actions, including but not limited to deploying a K9 against Plaintiff while he was incapacitated, defenseless, and unarmed, were intentional or recklessly indifferent to the likelihood of causing Plaintiff severe emotional distress.

6.46 The conduct of Defendants was not only excessive but also designed to punish Plaintiff rather than protect the public or ensure safety, making it particularly egregious.

COMPLAINT - 14

SWEETSER LAW OFFICE, PLLC
1020 N. Washington
Spokane, WA 99201
509-328-0678

6.47  As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including but not limited to fear, humiliation, and trauma.

6.48  The emotional harm suffered by Plaintiff was foreseeable and directly caused by the intentional and reckless conduct of Defendants.

6.49  Plaintiff is owed compensatory damages and any other relief deemed just and proper under Washington State law.

**H. Respondeat Superior**

6.50  At all times relevant, Defendants acted within the course and scope of their employment as officers, agents, and employees of the City of Spokane Police Department.

6.51  The City of Spokane Police Department, as the employer of the individual Defendants, is liable under the doctrine of respondeat superior for the tortious acts and omissions committed by its employees within the scope of their employment,

6.52  The individual Defendants' conduct, including the excessive use of force, was committed during their employment and furthered the interests of their employer, the City of Spokane Police Department.

6.53  As a direct and proximate result of the actions and omissions of the individual Defendants, for which the City of Spokane Police Department is vicariously liable, Plaintiff suffered severe physical injuries, emotional trauma, pain, suffering, and loss of enjoyment of life.

6.54 Plaintiff is owed compensatory damages and any other relief deemed just and proper under Washington State law.

## VII. DAMAGES

7.1 Plaintiffs request a judgment against Defendants as follows –

- Economic and noneconomic damages in an amount to be proven at trial;
- Punitive damages;
- Reasonable attorneys' fees and costs and all applicable interest on the judgment;
- Deterrence of similar conduct harming citizens in the future;
- Such other relief the Court deems just and proper.

DATED at Spokane, Washington, this 11 day of February, 2025.

By: _____
MARCUS SWEETSER, WSBA No. 52895
ISAIAH T. PETERSON, WSBA No. 49794
**SWEETSER LAW OFFICE, PLLC**
1020 N. Washington
Spokane, WA 99201
509-328-0678