FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREI JOHNSON, a single person, | No. 2:25-CV-00085-MKD |
| Plaintiff, | ORDER GRANTING PROTECTIVE ORDER |
| v. | |
| CITY OF SPOKANE POLICE DEPARTMENT; CHIEF CRAIG MEIDL, each in their personal and representative capacities; NATE SPIERING, each in their personal and representative capacities; TODD BELITZ, each in their personal and representative capacities, | |
| Defendants. | |

On June 18, 2025, the Court held a discovery dispute hearing. ECF No. 14.

Marcus Sweetser appeared on behalf of Plaintiff. Brian Augenthaler and Adam

Zenger appeared on behalf of Defendants. For the reasons stated on the record, the

Court found good cause under Fed. R. Civ. P. 26(c) to issue an order to protect

certain categories of information produced by a party in discovery in this matter to

prevent annoyance, embarrassment, oppression, or undue burden or expense, and

ORDER - 1

granted Plaintiff's request for a protective order regarding Plaintiff's medical,

mental health, counseling, and tax records.  Plaintiff subsequently submitted a

proposed protective order.  Defendants informally informed the Court that they

approved of the proposed protective order.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's request for a protective order is **GRANTED**.

**PROTECTIVE ORDER**

Plaintiff's medical, mental health, counseling, and tax records could be

discoverable evidence in this matter.  These records shall be marked

"Confidential" and referred to herein as Confidential Information.  The Parties are

to maintain the privacy of the records as stated herein.

1.    USE OF CONFIDENTIAL MATERIALS

With respect to the handling and use of Confidential Information:

1.1 Basic Principles.  The Confidential Information shall be used solely for

the purposes of this Lawsuit and for no other purpose.  Confidential Material shall

not be copied, reproduced or summarized except for the extent necessary in this

lawsuit.

1.2 Disclosure of "Confidential" Information.  The Parties and their counsel

shall maintain the confidentiality of the abovementioned records produced, and not

to distribute or otherwise communicate such information to any person who is not

ORDER - 2

a party or not representing the parties in this litigation, and shall only disclose information to non-party experts or other personnel as necessary to facilitate this litigation only.  The parties, counsel for the respective parties, insurance adjusters, expert witnesses, and all administrative disclosure (including assistants and other personnel), as recipients of any Confidential Information shall by apprised of this agreement and exercise due care with respect to storage, custody, and use of all such Confidential Information to ensure access is limited to persons authorized by this order.

If the records are marked as exhibits at deposition, the exhibits shall be sealed in an envelope marked "Confidential" at the conclusion of the deposition and shall only be accessed as necessary for purposes of this litigation.

The parties shall not file Confidential materials with the Court in support of a court motion without first giving opposing counsel reasonable advance notice of their intent to do so and filing the documents under seal.  The Court may address whether the records shall remain under seal if requested by either party.

Documents marked "Confidential" will only be introduced as evidence at trial after first giving opposing counsel reasonable advance notice of their intent to do so and the materials are filed under seal; provided, however, a party may offer the materials marked "Confidential" as impeachment evidence if an expert's or party's trial testimony relating to a material issue in the case contradicts what is

reflected in the evidence.  The Court may address whether the records shall remain under seal if requested by either party.

2. ENFORCEABILITY

Any violation of this Protective Order can trigger certain rights under Washington Civil Rules available to the witnesses and parties.

The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this case and the Court shall continue to retain jurisdiction over the Parties and recipients of the Confidential Information to enforce the terms of this Stipulation and Agreed Protective Order.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to the parties.

DATED June 23, 2025.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Eastern

District of Washington on _____, 2025, in the case of Andrei Johnson

v. City of Spokane Police Department, et al., No. 2:25-CV-00085-MKD.

I agree to comply with and to be bound by all the terms of this Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of this Protective Order, even if such enforcement proceedings occur after

termination of this action.

DATED: _____

_____
SIGNATURE

ORDER - 5

1

2    PRINTED NAME

3    CITY AND STATE WHERE SWORN/SIGNED

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20