FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREI JOHNSON, a single person,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SPOKANE POLICE DEPARTMENT; CHIEF CRAIG MEIDL, each in their personal and representative capacities; NATE SPIERING, each in their personal and representative capacities; TODD BELITZ, each in their personal and representative capacities,<br><br>  Defendants. | Case No. 2:25-CV-00085-MKD<br><br>ORDER DENYING WITH LEAVE TO RENEW DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 22 |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 22. The Court has considered the motion and the record and is fully informed. For the reasons stated below, the Court denies the motion with leave to renew following the close of discovery.

ORDER - 1

# BACKGROUND

This case stems from a June 13, 2022, incident in which Officer Todd Belitz of the Spokane Police Department released his K-9 on Plaintiff.  ECF No. 1-2 at 5 ¶ 4.1, 6 ¶ 4.9.  Plaintiff alleges that he was already incapacitated from a Taser at the time Officer Belitz released the K-9.  *Id.* at 5 ¶ 4.8.  Also present at the incident were Sergeant Jeremy McVay and Officer Christopher Perry.  *See* ECF Nos. 27, 28.

Plaintiff initially brought this action against the City of Spokane Police Department, Chief Craig Meidl, Sergeant Nate Spiering, and Officer Belitz in Spokane County Superior Court alleging the following causes of action: (1) excessive force under 42 U.S.C. § 1983, (2) municipal liability under 42 U.S.C. § 1983, (3) supervisory liability under 42 U.S.C. § 1983, (4) violations of the Americans with Disabilities Act ("ADA"), (5) assault and battery, (6) negligence and gross negligence, (7) intentional infliction of emotional distress ("IIED"), and (8) respondeat superior.  *Id.* at 4, 7-17.  Defendants removed the case to this Court on March 13, 2025.  ECF No. 1.

On May 1, 2025, the Court held a scheduling conference, ECF No. 7, and subsequently issued a Jury Trial Scheduling Order, ECF No. 9.  The discovery cutoff is February 27, 2026, and the deadline for dispositive motions is March 6, 2026.  *Id.* at 19.

ORDER - 2

On October 21, 2025, Defendants moved for summary judgment.[1] ECF No. 22. Plaintiff, in response, filed a Rule 56(d) Motion Opposing Summary Judgment, ECF No. 30.[2]

## LEGAL STANDARD

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). However, under Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

---

[1] Defendants' Motion for Summary Judgment does not address Plaintiff's claim of respondeat superior. *See generally* ECF No. 22.

[2] The Court notes that Plaintiff failed to follow LCivR 56(c)(1)(B) by omitting a "Statement of Material Facts Not in Dispute" in conjunction with his Response, ECF No. 30. *See* ECF No. 34 at 2 ¶ 2 (noting that Plaintiff did not comply with LCivR 56(c)(1)(B)). The Court cautions Plaintiff to comply with the Local Rules and scheduling order.

ORDER - 3

"The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." *Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing *Celotex Corp.*, 477 U.S. at 326); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) ("Rule 56[d] thus protects parties from a premature grant of summary judgment." (citation omitted)).[3] Thus, Rule 56(d) motions "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773-74 (9th Cir. 2003) (quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

The party invoking Rule 56(d) bears the burden of demonstrating that "(1) it has set forth in affidavit [or declaration] form the specific facts it hopes to elicit

---

[3] Effective December 1, 2010, this rule was amended so that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *See* Fed. R. Evid. 56 (amended 2010); *Roberts v. McAfee, Inc.,* 660 F.3d 1156, 1169 n.8 (9th Cir. 2011) (noting this change).

ORDER - 4

1 from further discovery; (2) the facts sought exist; and (3) the sought-after facts are
2 essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed.*
3 *Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *State of Cal.*
4 *ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th
5 Cir. 1998)).

## DISCUSSION

Plaintiff asks the Court to deny Defendants' Motion for Summary Judgment on the basis that discovery is ongoing and Plaintiff has not yet obtained information that is "essential to opposing summary judgment," including Taser data and training policies. ECF No. 30 at 2. Defendants in turn, assert that Plaintiff has failed to exercise diligence in seeking discovery, raise any issue of material facts, or specify how delay or denial of Defendant's Motion for Summary judgment would lead to the discovery of evidence presenting a genuine issue of material facts. *See* ECF No. 33. The Court addresses each of these arguments below.

**A. Diligence in Discovery**

Discovery is not set to close until February 27, 2026. ECF No. 9 at 19. Initial Disclosures were due on May 30, 2025. *Id.* at 18. A little over a month later, on July 2, 2025, Plaintiff served his First Request for Production. ECF No. 32-2. Plaintiff conducted a deposition of Sergeant McVay on October 15, 2025,

ORDER - 5

ECF No. 32-4, and subsequently served his Second Request for Production on November 6, 2025, ECF No. 32-3.  Plaintiff has also noticed the deposition of Officer Perry.  ECF No. 32-5.

Despite this ongoing discovery, Defendants assert that "Plaintiff has already had a realistic opportunity to pursue discovery" and emphasize that as of October 30, 2025, Plaintiff had only conducted a single deposition for Sergeant McVay. ECF Nos. 33 at 8-10, 35-3 (email from defense counsel to Plaintiff's counsel regarding dates of availability for depositions), 35-4 (email from defense counsel to Plaintiff's counsel regarding a deposition date for Officer Belitz).[4]  Plaintiff, in turn, asserts that he was seeking to be efficient by not conducting the depositions of Chief Meidl, Officer Perry, Officer Belitz, or the Spokane Police Department's training supervisor, and/or Rule 30(b)(6) designee before obtaining training materials and Taser data.  ECF No. 32 at 4 ¶ 15.  Plaintiff received Taser data on November 10, 2025, in response to Plaintiff's Second Request for Production, at

---

[4] Defendants also argue that they complied with the Court's Initial Disclosure deadline and have complied with discovery requests.  ECF Nos. 33 at 9, 35-1 (Defendants' Initial Disclosures), 35-2 (email producing Taser deployment logs). But the fact that Defendants have complied with their own discovery obligations does not establish that Plaintiff has not diligently pursued discovery.

ORDER - 6

1 which time defense counsel also informed Plaintiff that training materials would be

2 forthcoming.  *Id.* at 3 ¶ 14.  There is no evidence currently before the Court that

3 Plaintiff has received such training materials.

4       Furthermore, two days before Defendants filed their Motion for Summary

5 Judgment, the parties filed a Stipulated Motion to Extend Expert Witness

6 Disclosures, noting, "[t]he parties are actively conferring on discovery;

7 supplemental productions are ongoing; and the first deposition is currently set for

8 October 15, 2025.  ECF No. 20 at 1.

9       Thus, this is not a case where Plaintiff has not diligently pursued discovery.

10 *Compare Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("[The

11 plaintiff] waited nearly three years to conduct any discovery and filed a defective

12 request only two weeks prior to discovery cutoff."); *Landmark Dev. Corp. v.*

13 *Chambers Corp.*, 752 F.2d 369, 372-73 (9th Cir. 1985) (noting that under the

14 schedule most depositions should have been completed when the defendant moved

15 for summary judgment and that the plaintiff "fail[ed] to proceed with the additional

16 depositions promptly" after receiving the letters at issue).

17   **B. Issues of Material Fact**

18       Plaintiff asserts that discovery into Taser data,[5] the Spokane Police

19

---

20 [5] Plaintiff received the Taser data the day before filing his Rule 56(d) Motion

ORDER - 7

Department's internal academy training, and K-9 reporting remains ongoing and that this discovery is essential to summary judgment. ECF Nos. 30 at 2, 32 at 3 ¶ 10, 4-5 ¶¶ 18-19. In particular, Plaintiff asserts that "Taser data and training materials are material to evaluation of reasonableness, supervision, training and policy adequacy." ECF No. 32 at 4 ¶ 16. Defendants assert that Plaintiff's Rule 56(d) Motion lacks the required specificity and that the evidence sought by Plaintiff is not essential to opposing Defendant's Motion for Summary Judgment. ECF No. 33 at 2-8.

First, Plaintiff has set forth via a declaration by counsel the specific facts he hopes to elicit from further discovery and the existence of these facts. Namely, Plaintiff asserts that the Spokane Police Department's "internal police-academy training may deviate from accepted best practices" and that evidence of this fact can be found in the Spokane Police Department's internal academy training and K-9 reporting. ECF No. 32 at 3 ¶¶ 10, 13. Plaintiff also asserts that he is seeking to establish he was incapacitated at the time Officer Belitz released the K-9 and that this can be established by Taser data, which Plaintiff recently received and is

---

Opposing Summary Judgment and asserts, "Plaintiff is now consulting with experts with respect to the Taser's data and the [his] neuromuscular incapacitation . . . ." ECF No. 30 at 6; *see also* ECF No. 32 at 4 ¶ 16.

ORDER - 8

working to have reviewed by an expert. *Id.* at 2 ¶ 4, 3 ¶ 10, 4 ¶ 16.

Second, the facts sought by Plaintiff are essential to his ability to oppose summary judgment. For example, to establish a *Monell* claim, "a plaintiff must show that the government entity violated statutorily or constitutionally protected rights under color of state law." *NeSmith v. Cnty. of San Diego*, No. 15-CV-629, 2019 WL 1326701, at *26 (S.D. Cal. Mar. 25, 2019) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). The government entity is not vicariously liable for its employees' actions, but rather it is only liable for its "*own illegal acts.*" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). "Because government entities can only act through individuals, to attribute actions of individuals to the government entity itself without imposing vicarious liability, the individual's actions must be performed 'pursuant to official municipal policy' or according to 'practices so persistent and widespread as to practically have the force of law.'" *NeSmith*, 2019 WL 1326701, at *26 (quoting *Connick*, 563 U.S. at 61; *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). Thus, the City of Spokane Police Department's policies are essential to allow Plaintiff to oppose Defendant's Motion for Summary Judgment on the *Monell* claim.

Regarding the claim of supervisor liability:

> [S]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for

> conduct that showed a reckless or callous indifference to the rights of others.

*Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (citations and quotation marks omitted). Plaintiff alleges the supervisory officers in this case failed to adequately supervise Officer Belitz, failed to report or discipline Officer Belitz "for prior incidents involving excessive K9 deployments," or "[i]mplement correct measures or training to address [Officer] Belitz's conduct." ECF No. 1-1 at 11 ¶ 6.20. Thus, the City of Spokane Police Department's policies are also essential to allow Plaintiff to oppose Defendant's Motion for Summary Judgment on the claim of supervisory liability under 42 U.S.C. § 1983.

The claims of excessive force, violations of the ADA, assault and battery, negligence, and IIED also depend on whether the use of force against Plaintiff was appropriate in the circumstances, including whether Plaintiff was incapacitated by a Taser. *See* ECF No. 1-2 at 7, 12-16.

Thus, the Court finds good cause to grant Plaintiff's request for a continuance under Fed. R. Civ. P. 56(d) to allow him to conduct the needed discovery. Defendants may renew their Motion for Summary Judgment after this additional discovery is conducted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, **ECF No. 22**, is **DENIED with leave to renew following the close of discovery**.

ORDER - 10

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED December 15, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 11